UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

WORLD TRADE CENTER, et al.,

                Defendants.

20-CV-1730 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    On November 7, 2019, Plaintiff was barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Plaintiff nevertheless continued to file scores of new frivolous actions. The Court, after warning Plaintiff, therefore imposed additional filing restrictions. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint: (1) a motion for leave to file; (2) a copy of the February 14, 2020 order; (3) the filing fees or an IFP application; and (4) a statement under penalty of perjury that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.)

    Not long thereafter, on February 26, 2020, Plaintiff filed this complaint. Plaintiff submitted the required documents, and the matter was therefore opened and assigned a civil case number. After reviewing Plaintiff's motion for leave to file, accompanying declaration, and proposed complaint, the Court concludes that this action does not represent a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. Plaintiff sues the World Trade Center, as she has done in many of her prior complaints, and she fails to plead any facts suggesting that

she has a plausible claim for relief. Plaintiff therefore fails to show that there is good cause to permit her to file this action, and the Court denies Plaintiff leave to file this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on Plaintiff filing any new civil actions and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's request to proceed IFP and her request for leave to file this new action. (ECF Nos. 1-2.) The order barring Plaintiff from filing any new action IFP without first seeking permission of the Court remains in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including monetary penalties and further restrictions on her filing any new actions.

The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 6, 2020
        New York, New York

                                                 COLLEEN McMAHON
                                    Chief United States District Judge